IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

THOMAS LEPRE,                          )
                                       )
        Petitioner,                    )
                                       )        CIVIL ACTION NO.
        v.                             )        2:19-CV-582-WKW
                                       )        [WO]
UNITED STATES OF AMERICA,              ]
                                       )
        Respondent.                    )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.   INTRODUCTION

On August 8, 2019, Thomas Lepre ("Lepre"), a federal inmate at the Maxwell

Federal Prison Camp, filed this *pro se* petition styled as an "Application for Habeas

Corpus."[1] Doc. No. 2.  In his petition, Lepre challenges the validity of a conviction imposed

against him in April 2018 by the United States District Court for the Southern District of

Mississippi for aiding and abetting wire fraud in violation of 18 U.S.C. § 1343.  He seeks

relief from this conviction under 28 U.S.C. § 2241.  Lepre claims that the trial court lacked

"legislative authority" over his criminal case because his offense was not committed

against the United States. *Id.* at 2–3.  In support of this claim, he alleges that the trial court

lacked jurisdiction because his "charged offenses were connected with private business

---

[1] Lepre's petition was date-stamped received by this court on August 9, 2019. Lepre represents that he submitted the petition on August 8, 2019. Applying the prison mailbox rule, and no evidence to the contrary, the court deems the petition to be filed on August 8, 2019. *See Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

partners" and were not committed against the United States, which he alleges is a requisite element of a federal court's jurisdiction. *Id.* at 4.  Lepre argues that his incarceration is therefore unlawful because it is based on an unconstitutional judgment entered against him. *See id*. at 3 & 5.  For the reasons that follow, the undersigned concludes that this action should be transferred to the United States District Court for the Southern District of Mississippi.

## II.   DISCUSSION

Federal courts have "an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990). Although brought as a petition under 28 U.S.C. § 2241, this court must consider whether this action is properly styled as such, or if it is more appropriately considered as a motion to vacate under 28 U.S.C. § 2255.

Section 2241 provides an avenue for challenges to matters such as the administration of parole, prison disciplinary actions, prison transfers, and certain types of detention. *See, e.g., Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351–52 (11th Cir. 2008) (petition challenging decision of federal Parole Commission is properly brought under § 2241); *Bishop v. Reno,* 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons' administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence, and thus is a matter for habeas corpus).  For purposes of venue, petitions filed under § 2241 must be

brought in the district in which the petitioner is incarcerated. *Rumsfeld v. Padilla*, 542 U.S. 426, 442–43 (2004).

In contrast, 28 U.S.C. § 2255(a) states:

> A prisoner in custody under sentence of a court established by an Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence* to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (emphasis added). For actions properly considered under § 2255, venue and jurisdiction lie only in the district of conviction. 28 U.S.C. § 2255(a).

Lepre's self-described § 2241 petition challenges the legality of his conviction and sentence. Generally, a federal prisoner must bring any collateral attack on the legality of his conviction or sentence through a motion to vacate under § 2255 rather than a petition for writ of habeas corpus under § 2241. *See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017); *Venta v. Warden, FCC Coleman-Low*, 2017 WL 4280936, at *1 (11th Cir. 2017). A petitioner challenging the legality of his federal detention may do so under § 2241 *only* if he shows that § 2255 would be an "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e) (the so-called "saving clause"); *see also Johnson v. Warden*, 737 F. App'x 989, 990–91 (11th Cir. 2018). Lepre does not attempt to show that § 2255 would be an inadequate vehicle to present his claims. Indeed he cannot, because his claims challenging the validity of his conviction and sentence fall squarely within the realm of injuries § 2255 addresses.

When a federal prisoner brings "a traditional claim attacking his [conviction or] sentence that he could have brought in a [§ 2255] motion to vacate, the remedy by [such] motion is adequate and effective to test the legality of his detention. . . . Allowing a prisoner with a claim that is cognizable in a [§ 2255] motion to vacate to access [§ 2241] nullifies the procedural hurdles of section 2255 and undermines the venue provisions." *McCarthan*, 851 F.3d at 1090. Here, regardless of the label Lepre places on his pleadings, his petition challenging his conviction and sentence must be considered as a motion under § 2255, rather than § 2241. Section 2255 remains Lepre's exclusive remedy to bring his challenge to his conviction and sentence.[2] Because he challenges a judgment entered in the Southern District of Mississippi, jurisdiction to consider the § 2255 motion lies only in the Southern District of Mississippi as the district of conviction. *See* 28 U.S.C. § 2255(a).

Under 28 U.S.C. § 1631, a court that finds it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which the action could have been brought when it was filed. Because Lepre is proceeding *pro se*,

---

[2] In an order entered on August 15, 2019 (Doc. No. 3), this court informed Lepre that the claims in his self-styled habeas petition were properly presented in a 28 U.S.C. § 2255 motion. In accordance with *Castro v. United States*, 540 U.S. 375 (2003), the court notified Lepre of its intention to treat his petition as a § 2255 motion, which would be subject to any procedural limitations for § 2255 motions, and directed him to advise the court whether he wished to proceed on his claims under § 2255, to amend his construed § 2255 motion to assert additional claims under § 2255, or to withdraw his construed § 2255 motion. The court also advised Lepre that his construed § 2255 motion was due to be transferred to the United States District Court for the Southern District of Mississippi since he was challenging a conviction and sentence entered by that court. This court's "Castro Order" also advised Lepre that if he failed to file a response in compliance with the order's directives, the case would proceed as an action under 28 U.S.C. § 2255, with the court considering only those claims in the construed § 2255 motion. Lepre failed to file a response to the Castro Order.

in the interest of justice this action should be transferred to the United States District Court for the Southern District of Mississippi.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Southern District of Mississippi under 28 U.S.C. § 1631.  It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **October 25, 2019**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.,* 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 11th day of October, 2019.


/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE